No. ——

First Circuit

ETOWAH MONUMENT COMPANY v

MERCHANTS & FARMERS BANK

& TRUST COMPANY

(June 26, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Pleading—Par. 62—Bills and Notes—Par. 208.

An exception no cause of action filed by the endorser of a check, a bank through which the check had passed, should be sustained where the holder of the check sued the acceptor and the drawer of the check.

**2. Louisiana Digest—Pleading—Par. 7; Bills and Notes—Par. 192, 201.**

One cannot cumulate two causes of action inconsistent with one another. Thus the holder of a check cannot accept it in payment of his claim and also repudiate the check.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Etowah Monument Company against Merchants & Farmers Bank & Trust Company, et al.

There was judgment for plaintiff.

The defendant, Citizens National Bank, appealed.

Judgment reversed and case dismissed.

A. W. Spiller, of Hammond, attorney for plaintiff, appellee.

J. J. Jackson, Rownd & Warner, of Hammond, A. S. Burns, of Ponchatoula, attorneys for defendant, appellant.

LECHE, J. The facts in this case are that the Estate of John C. Nelson, under the control of J. S. Nelson as administrator, was indebted to plaintiff in the sum of one hundred and sixty-four and 80-100 dollars; that J. S. Nelson, administrator, in satisfaction and payment of said claim, handed to one D. C. Wall, who represented himself as agent of plaintiff, a check for said amount, payable to plaintiff, drawn on the Hammond State Bank; that this check was certified by the Hammond State Bank; that Wall then endorsed the check "Etowah Monument Co., D. C. Wall", and transferred it to and collected it from the Merchants & Farmers Bank & Trust Company. The check in course of trade was passed to the Citizens National Bank of Hammond and that bank in due time col-lected the check from the drawee, the Hammond State Bank. Now it seems that D. C. Wall did not have the authority to make the endorsement on behalf of plaintiff nor was he authorized to transfer or collect the check.

Under this admitted state of facts, plaintiff secured the cancelled check from the Hammond State Bank, brought the present suit, and it prays for judgment against the Merchants & Farmers Bank & Trust Company, the Citizens National Bank of Hammond, the Hammond State Bank and the Estate of John C. Nelson.

The Citizens National Bank filed an exception of no cause of action, and also excepted that plaintiff had cumulated two causes of action inconsistent with one another, praying that it be ordered to elect and in default that its suit be dismissed.

Identical exceptions were also filed by the Merchants & Farmers Bank & Trust Company.

The court overruled both of these pleas, and these two defendants then answered.

It is not necessary from the view we have taken of the case to recite in detail the action taken by the other defendants. Judgment was rendered against the Merchants & Farmers Bank & Trust Company and the Citizens National Bank and they alone have appealed.

Plaintiff filed in this court a motion to dismiss the appeal of the Merchants & Farmers Bank on the ground that it had admitted in its answer an indebtedness of seventy-four and 80-100 dollars and that, therefore, the amount in contest so far as that bank is concerned amounts

only to $90.00, a sum below the appellate jurisdiction of this court.

It is a fact that the Merchants & Farmers Bank alleges in its answer that it made a tender of this amount to plaintiff and it further alleges in Article X of its answer that it deposits the same with the court and, therefore, this amount, being admittedly due to plaintiff, there remains only ninety dollars in contest between plaintiff and that bank.

For that reason plaintiff's motion to dismiss should be sustained and it is accordingly so ordered.

Under the state of facts set forth in the beginning of this opinion, plaintiff could sue the Estate of John C. Nelson on its original claim, or it could sue on the check issued in its favor by the administrator of that estate.

It is obvious in our opinion that it could not sue upon both causes of action, for if it sued upon the check, it could only do so by accepting it in payment of its claim. It could sue the Nelson Estate, thereby repudiating the check, and at the same time sue upon the check as its property. If it sued upon the check, it could only sue the acceptor of the check, the State Bank of Hammond, and if it could not recover from the acceptor then it could have sued the drawer, the Estate of Nelson. In fact, it not only sued upon the check, but it sued the endorsers of that check between whom and itself there was no privity of any nature or kind whatsoever. We believe that the exceptions filed by the Citizens National Bank should have been sustained and plaintiff's demand as against that bank should have been dismissed.

For these reasons the appeal herein taken by the Merchants & Farmers Bank & Trust Company is dismissed at its cost and the judgment appealed from, so far as it condemns the Citizens National Bank, is avoided and reversed at the cost of plaintiff and appellee.